## PARKER v. HOME LUMBER CO. et al.
### (No. 1708.)

Court of Civil Appeals of Texas. Beaumont.
Sept. 27, 1928.

A. L. Shaw, of Beaumont, for plaintiff in error.

R. E. Masterson, of Beaumont, for defendants in error.

WALKER, J. This is an appeal by writ of error. The parties will be referred to as appellant and appellees. Appellee Home Lumber Company instituted this suit against Lee Prestidge and wife and appellant W. M. Parker and wife to recover upon a note, showing a balance due of $1,949.60, with interest at 8 per cent. per annum from August 8, 1924, and attorney's fees at 10 per cent., executed by Parker and wife, and to foreclose a mortgage lien against a house and lot at Nederland, Tex., given by Parker and wife to secure the payment of the note sued on. Parker and wife answered by the usual pleas of general and special demurrers and general denial, and specially that they had sold the property covered by the lien to Prestidge, and, as part consideration, Prestidge assumed payment of the notes sued on. On this count they prayed for judgment against Prestidge for any sum that they might be forced to pay on the note. They further pleaded that appellee Home Lumber Company accepted a transfer of the property from Prestidge in full satisfaction of the debt sued on, and if no such transfer was made, yet the Home Lumber Company had accepted the title papers from Prestidge and possession and use of the property, renting the property and receiving the revenues, and exercising ownership over the same in such manner as to have the effect in law of extinguishing the debt, by reason of which it was estopped to assert any claim against them for any balance due on the note. On this count they prayed to go hence without day, etc. Appellees Prestidge and wife pleaded general denial, etc. On conclusion of the evidence the jury brought in a verdict, under instructions of the court, in favor of Home Lumber Company against Prestidge and wife and Parker and wife for all the relief prayed for and in favor of Parker against Prestidge for any sum he might be forced to pay on the judgment. On this verdict judgment was entered in favor of Home Lumber Company against Parker for $2,768.49, with foreclosure of the mortgage lien against him and his wife and Prestidge and his wife, but he was not given judgment against Prestidge in accordance with the jury's verdict.

Under the evidence it appeared without controversy that Parker and wife executed the note sued on; that Home Lumber Company was the owner and holder of the note and lien; that Parker and wife transferred the property to Prestidge and wife, and as part consideration that Prestidge and wife assumed the note and agreed to pay the same; that Prestidge and wife defaulted in the payments and after such default surrendered possession of the property and the title papers to Home Lumber Company, but without any agreement, express or implied, that Home Lumber Company was to take the property in satisfaction of the debt; that no transfer was ever made of the property to Home Lumber Company by any one, and that it never rented the property nor exercised any act of ownership over it.

On the statement as made, the court did not err in refusing to submit to the jury Parker's pleas of satisfaction, release, and estoppel. But on the undisputed evidence and on the verdict of the jury, judgment against Parker should have been for only $2,602.16, that being the balance due on the note on the date of the judgment, and Parker should have had, under the evidence, charge of the court, and verdict of the jury, judgment against Prestidge for any sum he might be forced under the judgment to pay. In all other respects the judgment of the trial court was correct. It is, therefore, our order that the judgment of the lower court be reformed. in accordance with this opinion, wherein it was error, and as reformed affirmed.

Reformed and affirmed.